IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDICE GAIR on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>SHOP-VAC CORPORATION,<br><br>     Defendant, | CASE NO.<br><br><br>COMPLAINT |

## CLASS ACTION COMPLAINT FOR
## VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ.

Plaintiff Candice Gair ("Plaintiff") alleges on behalf of herself and a class of similarly situated former employees of Defendant, by way of her Class Action Complaint against Shop-Vac Corporation ("Shop-Vac" or "Defendant") as follows:

### NATURE OF THE ACTION

1. On or about September 15, 2020 and within 90 days of that date, Defendant terminated without notice the employment of over 400 employees.

2. Plaintiff Gair was an employee of Shop-Vac until September 15, 2020 when she and others were suddenly terminated without notice.

3. Plaintiff brings this action on behalf of herself, and other similarly situated former employees who worked for Defendant and who were terminated without cause, as part of, or as the foreseeable result of, the plant closing or mass layoff ordered by Defendant beginning on or about September 15, 2020 and who were not provided 60 days advance written notice of their

terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

4. Plaintiff and all similarly situated employees seek to recover 60 days wages and benefits, pursuant to the WARN Act, from Defendant.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, and 1334 and 29 U.S.C. § 2104(a)(5).

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiff*

7. Until she was terminated on or about September 15, 2020, Plaintiff Candice Gair was employed by Shop-Vac for five years, most recently in its accounts receivable department.

### *Defendant*

8. Defendant Shop-Vac Corporation is a leading manufacturer of wet/dry vacuum cleaners and accessories with corporate headquarters located at 2323 Reach Road, Williamsport, Pennsylvania, and conducted business in this district.

9. Shop-Vac maintained production, warehouse, and distribution operations nearby at 163 Catawissa Ave. and 3300 Wahoo Drive, Williamsport, Pennsylvania (together with headquarters, the "Facility"). Until about September 15, 2020, Plaintiff and all similarly situated employees were employed by Defendant and worked at or reported to Defendant's Facility.

10. Upon information and belief, Defendant made the decision to terminate the employment of Plaintiff and the other similarly situated former employees.

11. Shop-Vac was established in 1953 as a family-owned company.

12. Shop-Vac had two factories, its headquarters in Williamsport and one in Binghamton, New York.

13. On information and belief, several years ago, Shop-Vac made the decision to shutter its Binghamton factory and dedicate its Williamsport factory to making higher-end products for customers such as W. W. Grainger.

14. On information and belief, to satisfy mass-market consumer retailers, such as Wal-Mart and Lowe's, Shop-Vac moved its Binghamton manufacturing equipment to Shenzhen, People's Republic of China, where it set up a subsidiary to produce those wares.

15. On information and belief, Shop-Vac had been relatively debt-free until that point, with J.P. Morgan providing it operating capital in a $50 million revolving credit facility.

16. On information and belief, discount retail chains nevertheless pressed Shop-Vac for lower prices that challenged Shop-Vac's margins.

17. On information and belief, Shop-Vac decided to move its low-end production to Hanoi, Vietnam to cut costs but it entailed a heavy investment.

18. On information and belief, due to this on-going investment and supply chain problems, Shop-Vac was forced from 2018-2020 to effectively draw down its entire credit.

19. On information and belief, although Shop-Vac's U.S.-made goods continued to be profitable, it lost money on the overseas items it sold to the discount retailers.

20. On information and belief, with Shop-Vac's revenues dropping, and its manufacturing equipment and computer data now out of reach overseas, J.P. Morgan demanded collateral to support availability on its credit line.

21. On information and belief, in the face of its on-going liquidity challenges, Shop-Vac retained an investment banking firm to conduct a refinancing/sale process.

22. On or about September 15, 2020, discharged the over 400 employees from its Williamsport Facility and discontinued their health care coverage without notice or severance pay.

23. At that time or soon thereafter, Shop-Vac provided retention bonuses to the employees it continued to employ conditioned on their signing full releases of claims including claims for violation of the WARN Act.

24. In late-December 2020, a Chinese conglomerate, Hangzhou Equipment Holdings, LLC, a subsidiary of Hangzhou Great Star Industrial Co., Ltd., announced it had acquired ownership of Shop-Vac.

25. Although it claimed it would hire a number of employees separated in September, it did not hire Plaintiff and others similarly situated.

## WARN CLASS ALLEGATIONS, 29 U.S.C. § 2104

26. Plaintiff brings this Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.*, on behalf of herself and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a), who worked at, reported to, or received assignments from Defendant's Facility and were terminated without cause beginning on or about September 15, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant beginning on or about September 15, 2020, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

27. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

28. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendant.

29. On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

30. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendant who worked at or reported to Defendant's Facility;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act.

31. Plaintiff's claims are typical of those of the WARN Class. Plaintiff, like other WARN Class members, worked at Defendant's Facility, and were terminated without cause beginning on or about September 15, 2020, due to the mass layoff and/or plant closing ordered by Defendant.

32. Plaintiff will fairly and adequately protect the interests of the WARN Class. Plaintiff has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

33. On or about September 15, 2020, Defendant terminated Plaintiff's employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

34. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

35. Plaintiff intends to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2104

36. Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

37. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

38. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until they decided to order a mass layoff or plant closing at the Facility.

39. On or about September 15, 2020, Defendant ordered a mass layoff and/or plant closing at the Facility, as those terms are defined by 29 U.S.C. § 2101(a)(2).

40. The mass layoff or plant closing at the Facility resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent (33%) of Defendant's workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

41. Plaintiff and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Defendant at the Facility.

42. Plaintiff and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

43. Defendant was required by the WARN Act to give the Plaintiff and the Class Members at least 60 days advance written notice of their terminations.

44. Defendant failed to give the Plaintiff and the Class members written notice that complied with the requirements of the WARN Act.

45. Plaintiff and each of the Class Members, are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

46. Defendant failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days and other compensation following their respective terminations and failed to provide employee benefits under COBRA for 60 days from and after the dates of their respective terminations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of the Plaintiff as the Class Representative;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment against Defendant in favor of the Plaintiff and the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A);

E. Such other and further relief as this Court may deem just and proper.

DATED: May 28, 2021

/s/ [signature]
Robert E. Chernicoff, Esq.
**CUNNINGHAM, CHERNICOFF & WARSHAWSKY, PC**

2320 N. 2nd St.
Harrisburg, PA 17110
Telephone: 717-238-6570
Fax:       717-238-4809
E-mail:    rec@cclawpc.com


Jack A. Raisner (*pro hac vice forthcoming*)
René S. Roupinian (*pro hac vice forthcoming*)
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Fax:   (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for the Plaintiff and the putative Class*