# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CANDANCE GAIR,

            Plaintiff,              Case No.  4:21-cv-00976

    v.

GREAT STAR TOOLS

            Defendant.

## DECLARATION OF MELISSA KARLOVITCH IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS RACHEL BERRY'S CLAIMS WITHOUT PREJUDICE

I, MELISSA KARLOVITCH, make this declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. I hereby state as follows:

1.    I am the Group Vice President & Chief Human Resources Officer of Great Star Tools USA, Inc. ("Great Star"). I am personally familiar with the facts stated herein.  I submit this Declaration in support of Great Star's Motion to Dismiss Rachel's Berry's Claims Without Prejudice.

2.    In connection with Great Star's acquisition of the assets of Shop-Vac Corporation n/k/a SV Wind Down Corporation ("Shop-Vac"), I have been directly involved in Great Star's human resources operations.

3.    On December 24, 2020, Great Star acquired the assets of Shop-Vac, including Shop-Vac's Williamsport, Pennsylvania facility.  At all times relevant

hereto, Great Star has managed and operated the acquired assets through its wholly-owned subsidiary, Shop-Vac USA, LLC f/k/a Hangzhou Equipment Holdings, LLC ("SVUSA").

4.      Many individuals, including Plaintiff Rachael Berry, who formerly worked for Shop-Vac, applied for positions with SVUSA.

5.      Great Star required job applicants to sign a written acknowledgment form agreeing to Great Star's Dispute Resolution Policy, effective December 2020.

6.      On December 30, 2020, Ms. Berry signed a CDRP Acknowledgment form, which stated, "I acknowledge receipt of the Company Dispute Resolution Policy and agree to bound by its terms."

7.      On June 15, 2021, Rachael Berry applied for employment as a Cost Accountant at SVUSA's Williamsport, Pennsylvania facility.

8.      On June 15, 2021, SVUSA hired Ms. Berry for the Cost Accountant position at the Williamsport, Pennsylvania facility.

9.      Great Star implemented a second Company Dispute Resolution Policy ("CDRP"), effective January 2023.

10.     On May 31, 2023, Ms. Berry signed a CDRP Acknowledgment form agreeing to be bound by Great Star's Dispute Resolution Policy, effective January 2023.   Attached hereto as Exhibit 1 is a true and accurate copy of the CDRP Acknowledgment form that Ms. Berry signed on May 31, 2023.

11.     Attached hereto as Exhibit 2 is a true and accurate copy of Great Star's CDRP, effective January 20223, that is referenced in Exhibit 1 and to which Ms. Berry agreed to be bound.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: Saddlebrook, NJ

September 29, 2023

*Melissa Karlovitch*

Melissa Karlovitch

# EXHIBIT 1

## CDRP ACKNOWLEDGEMENT FORM

I acknowledge receipt of the Company Dispute Resolution Policy dated January __, 2023 and agree to be bound by its terms.

Date: 5/31/2023

Signature

Print Name: Rachael Berry

# EXHIBIT 2

**COMPANY DISPUTE RESOLUTION POLICY**

Recognizing the value of a workplace culture that promotes "respect for the individual," a "speak-up" culture, and diversity and inclusion, GreatStar Tools USA, its parent, subsidiaries, divisions, affiliates, and related entities, including without limitation Arrow Fastener Co. LLC, Shop Vac-USA, LLC, Prime Line Products, LLC, and Great Star Industrial USA, LLC (referred to singularly as "Company"), understand that there will be certain occasions when differences arise between teammates[1] and the Company.

Most of these differences are successfully resolved through the Company's Open-Door Policy or informal discussions. In those rare instances where informal discussions and the Company's internal procedures do not produce a mutually satisfactory result, litigation has been the only recourse to resolve these differences. Unfortunately, the litigation process is costly and very time consuming to all parties. We believe there is a better and more effective way of resolving such disputes: a two-step dispute resolution mechanism of mediation and arbitration that are independent, fair, and equitable to all parties.

This Policy, which is a condition of the application process and of continued employment with the Company, is binding upon both the Company and the teammate. Under this Policy, all covered claims and disputes between the Company and the teammate that are not resolved through either the Company's Open-Door Policy or other informal or human resource channels, shall be resolved through mediation and, if necessary, binding arbitration. The mediation and arbitration will be conducted by an independent, respected, and neutral third party, the American Arbitration Association.

**Claims and Disputes Covered by this Policy**

The disputes covered by this Policy include any claim under applicable state or federal common or statutory law the Company might have against the teammate, including, for example, theft of property, misuse of Company information, and fraud. Also included is any claim under applicable state or federal common or statutory law a teammate might have against the Company including, for example, all claims for: wages or other compensation due; breach of any contract; violations of public policy; negligence; intentional torts; any alleged exception to the workers' compensation laws; defamation; -all forms of unlawful discrimination and retaliation (including, but not limited to, race, color, sex, religion, national origin, disability; marital status or age); denial of fringe benefits; violation of any federal, state, or other governmental law, statute, regulation, or ordinance; and, any other matters arising under common or statutory law. Disputes covered by this Policy shall also include any claim a teammate might have against any officer, director, teammate, or agent of the Company, or any of the Company's subsidiaries, divisions, and affiliates, if that claim in any way arises out of or relates to the application process, the employment relationship, or the termination of the employment relationship. It is the intent of all parties to submit to mediation and arbitration, to the fullest extent permitted by law, all covered disputes and claims the Company might have against a teammate and all covered disputes and claims a teammate might have against the Company and any of the Company's subsidiaries, divisions, affiliates, officers, directors, teammates, and agents. Because this Policy promotes mediation and arbitration as the exclusive remedy for claims and disputes covered by this Policy, the Company and the teammate agree to be bound by

---

[1] This policy applies to all current and former workers, applicants for employment or any other person who expressly agrees to be bound by the terms of the policy.

those laws best promoting the enforceability of mediation and arbitration agreements, including the Federal Arbitration Act, federal common law, and any applicable state laws promoting arbitration.

**California Private Attorneys General Act ("PAGA") Individual Action Requirement.**

For teammates located in the State of California, the Company and teammate agree to mediate or arbitrate PAGA claims on an individual basis only.  Therefore, any claim by a teammate under PAGA to recover civil penalties or other individual relief must be mediated or arbitrated under this Agreement. The arbitrator is without authority to preside over any PAGA claim by teammate on behalf of any other person or joined by or consolidated with another person's PAGA claim.  This PAGA individual action requirement clause will be severable from this Agreement if there is a final judicial determination that it is invalid, unenforceable, unconscionable, void or voidable.  In such case, the PAGA action must be litigated in a civil court of competent jurisdiction—not in arbitration—but the portion of the PAGA individual action requirement that is enforceable will be enforced in arbitration.

**Claims and Disputes Not Covered by this Policy**

Claims and disputes not covered by *this* Policy are those the teammate might have for workers' compensation benefits pursued through a state administrative agency, unemployment insurance benefits, retaliation as arising out of 18 U.S.C. § 1514A, the Sarbanes-Oxley Act of 2002, as amended,  the Ending Forced Arbitration and Harassment Act (at your election) and claims under any of the Company's teammate welfare benefit and pension plans that contain a specific, applicable dispute resolution procedure. In the case of a dispute involving benefits under any of the Company's teammate welfare benefit or pension plans that contain a dispute resolution procedure, the Company and the teammate agree the filing and appeal procedure contained in those plans must be utilized.

Except as otherwise required under applicable law, the teammate and the Company agree that: class action, collective action and representative action procedures shall not be asserted, nor will they apply in any proceeding under this Policy. Neither the Company nor the teammate will assert class action or representative action claims under this Policy; each shall only submit their own, individual claims under this Policy and will not seek to represent the interests of any other person or entity.

Unless otherwise specifically prohibited under applicable law, both the teammate and the Company retain the right to file, in a court of competent jurisdiction, an application for provisional or preliminary injunction. The filing of such an application shall not operate as a waiver of the right or obligation to mediate and arbitrate claims and disputes covered by this Policy, including any claims relevant to the application for preliminary injunctive relief. Although a court may grant or deny provisional or preliminary equitable relief, only the Arbitrator under this Policy shall have the sole authority to grant final damages including monetary damages, declaratory relief, permanent injunctive relief, and any other final equitable remedy permitted by law.

Also exempt will be any dispute, governed by an express written agreement between the Company (including its subsidiaries, divisions, and affiliates) and the teammate, which specifically provides for a judicial or other forum for resolution.

**Applicable Mediation and Arbitration Rules**

The American Arbitration Association (AAA) is a public service, nonprofit organization that offers a wide range of independent, unbiased dispute resolution services to private individuals, businesses, associations, and all levels of government. Because of the experience of the AAA in mediating and arbitrating disputes, the Company and its teammates will be subject to the AAA Employment Arbitration Rules and Mediation Rules (in effect at the time the dispute arose) and this Policy. Copies of the applicable AAA rules may be obtained from the Company's Human Resources Department or from the AAA at https://www.adr.org/employment.

**Mediation**

If a dispute arises between the Company and the teammate that cannot be satisfactorily resolved through the Company's Open Door Policy or other internal human resource channels, the Company and the teammate must first attempt to resolve the dispute through mediation by the AAA. In the event the mediation results in a resolution of the dispute, the parties and the Mediator are highly encouraged to reduce the agreement to writing at the conclusion of the mediation and have all parties execute the written agreement. In the event that the parties reach a settlement at mediation that is reduced to a writing signed by all parties and the mediator, such a settlement shall be enforceable as a stipulated judgment in any related and subsequent arbitration proceeding subject to the confidential terms noted below.

All statutory and common law provisions that protect and preserve the confidentiality of the mediation process will be respected by the parties, the mediator, and the representatives of the parties. ·Absent a court order to the contrary, no party to the mediation, their representatives, or the Mediator, will violate the confidentiality afforded the mediation process in the jurisdiction where the mediation is held or violate Federal Rule of Evidence 408 or any state counterpart.

**Arbitration**

If the dispute is not resolved through mediation, the dispute shall be resolved by exclusive, final and binding arbitration by the *AAA* before a single, neutral Arbitrator knowledgeable in employment law who shall follow applicable state and federal law and whose decision shall be final and binding upon both the Company and the teammate.  Judgment upon an award rendered by the Arbitrator may be entered in any court having jurisdiction.

**Fees and Expenses**

As a benefit to teammates, the Company will pay all the expenses and fees of the Mediator. The Company will also pay the AAA's mediation administrative fees. The Company will pay all the expenses and fees of the Arbitrator. The Company will also pay the AAA's arbitration administrative fees.

**Right to Representation**

The teammate and the Company have the right to be represented by an attorney during any phase of the mediation and arbitration proceedings. The expenses of such representation shall be the sole responsibility of the party retaining the lawyer. This provision does not limit the right of either party to recover attorney fees and costs under applicable law.


**Time Limits**

To ensure the timely resolution of disputes, the Company and the teammate are encouraged to file a Request for Mediation as soon as possible. In the case of a claimed statutory violation, the time limit imposed by the applicable statute of limitations shall govern when either the Company or the teammate must file the Request for Mediation. If a statutory violation is not claimed, then the Request for Mediation must be filed within one year after the claim accrued unless a different period is specifically provided for in an express written agreement between the Company and the teammate. The failure of either the Company or the teammate to file a Request for Mediation within these time limits will forever bar any claim involving that dispute. If the mediation does not resolve the dispute, the party who desires to proceed to arbitration is requested to file a Request for Arbitration as soon as possible but in no event more than 90 calendar days after the termination of the Mediation.

The failure to file a Request for Arbitration within 90 days of the termination of the Mediation will forever bar any claim involving that dispute. The Arbitrator shall have exclusive authority to decide whether or not a Request for Mediation (Request_for_Mediation.pdf (adr.org)) and the Request for Arbitration  (AAA Forms | ADR.org Employment_Demand_Form_1.pdf (adr.org)) have been timely filed. The Request for Mediation and Request for Arbitration forms may be obtained from the Company's Human Resources Department.


**Administrative Conference**

To permit the consideration of any issues and procedures that will expedite the arbitration in a fair and equitable manner, at the request of either the teammate or the Company, an Administrative Conference with the AAA will be held. Unless agreed to in writing by the parties, all outstanding disputes that either the Company or the teammate might have against the other will be decided by the Arbitrator in the same proceeding.


**Waiver of Judge or Jury Trial**

Employee and the Company knowingly and voluntarily waive, to the fullest extent permitted by law, any right (including any statutory or constitutional right) to have any dispute, claim, or controversy covered by this Program resolved or decided by a judge or a jury.

**Arbitrator**

The Arbitrator will be independent and impartial, and no person shall serve as an Arbitrator who has any financial or personal interest in the result of the proceeding.  The Arbitrator shall promptly disclose in writing to the parties and the AAA *any* circumstances that would prevent the Arbitrator from acting independently and impartially. Either party may request the disqualification of an Arbitrator for the same reasons as a federal district court judge is subject to disqualification under federal law. When an Arbitrator has been challenged by either party, the other party may agree to the challenge or the Arbitrator may voluntarily withdraw.  If neither agreed disqualification nor voluntary withdrawal occurs, the challenge shall be promptly decided by the AAA and its decision shall be final and binding.

In selecting an Arbitrator, the AAA shall be required to send each party an initial list of ten potential Arbitrators. If for any reason an appointment cannot be made from this list, the AAA shall promptly send each party a second list of ten potential Arbitrators. If for any reason an appointment cannot be made from the second list, the *AAA* shall have the power to make an appointment from among other members of the panel without submitting an additional list.

If for any reason an Arbitrator is unable to perform the duties of the office, the AAA may declare the office vacant and the vacancy will be filled according to the procedures for the initial appointment of an Arbitrator.


**Discovery**

The parties are encouraged to agree upon the extent of discovery that shall take place prior to the arbitration hearing. Discovery shall be conducted in the most expeditious, proportional and cost-effective manner possible and shall be limited to that which is clearly relevant and material to the dispute and for which the party has a substantial, demonstrable need. The scope and extent of discovery shall be consistent with the AAA Employment Arbitration Rules and Mediation  Rules.

Upon request, either party shall be entitled to receive at least thirty days prior to the arbitration hearing, information and documents which meet the criteria for discovery. Upon written request, the parties shall be entitled to take at least one deposition thirty days in advance of the arbitration; the parties will designate that individual whom they wish to depose but the individual must have direct knowledge of the issues in dispute. Upon motion by either party and the showing of good cause for additional discovery, the Arbitrator may permit additional discovery upon  a proper finding that additional discovery is necessary to aid in the prosecution or defense of any claim in dispute.

Any disputes regarding discovery shall be decided by the Arbitrator and the Arbitrator may grant, upon good cause shown, either party's request for discovery in addition to or limiting that expressly provided in this Policy.

**Record**

To ensure that both parties have an opportunity to review a record of the arbitration, the Arbitrator will maintain, in cooperation with the parties, a record of the arbitration proceedings for a period of one year after the Arbitrator's award is issued. The record is to include at a minimum all documents and exhibits produced in connection with the hearing, all briefs submitted by the parties, the award of the Arbitrator, a record of the arbitration hearing, and the written decision of the Arbitrator. A record of the arbitration hearing shall be made by audio, video taping, or by verbatim transcription, at the election of either party. The  party making the election shall pay the costs and fees associated with the transcription. All aspects of the arbitration, including the record, are confidential and not open to the public except to the extent both parties might otherwise agree in writing, the record is necessary for any subsequent proceeding between the parties, or the record is necessary to respond to an order of a governmental agency or legal process.

In conducting the arbitration hearing, technical compliance with the rules of evidence shall not be necessary. However, applicable law with respect to privilege, including attorney-client privilege, work product, and compromise and offers to compromise must be followed.

**Damages and Relief**

Upon a finding that either the teammate or the Company has sustained the burden of persuasion as to a legally cognizable claim, the Arbitrator shall have the same power and authority (and no more) as would a judge in court to grant monetary damages or such other relief (including reasonable costs and attorney fees) as may be in conformance with applicable principles of common, decisional, and statutory law in the relevant jurisdiction. The Arbitrator has the same power and authority to grant summary judgment as would a judge in court in the relevant jurisdiction. The Arbitrator is empowered to enforce offers of judgment and similar statutory mechanisms in the relevant jurisdiction. Both parties have a duty to mitigate any damages that might have been sustained.

**Employment Status**

This Policy does not in any way alter the "at-will" status of a teammate's employment. Nothing in this Policy will limit a teammate's right to resign from the Company, or the Company's right to terminate the teammate's employment for any reason at any time.

**Location VIDEO/ZOOM**

Unless otherwise agreed to by the parties, any mediation or arbitration will take place at the AAA office closest to the plant or corporate office location to which the Teammate was assigned to work. In the event that the Teammate was assigned to work from home or a remote location, the mediation or arbitration shall take place at AAA office nearest  the employer's corporate headquarters.

**Non-Retaliation**

The Company is committed to resolving legitimate disputes quickly and reasonably.  The Company forbids any retaliation against any teammate who in good faith pursues a dispute under this Policy.

**Change, Modification or Discontinuation**

The terms of this Policy in effect at the time of the facts giving rise to the dispute took place are the terms that will be binding on the Company and the teammate. Otherwise, the Company reserves the right to change, modify or discontinue this Policy at any time upon prior written notice to the Company's current teammates.

**Severability**

Should any portion of this Policy be found unenforceable, such portion shall be severed from this Policy and the remaining portions shall continue to be enforceable to the maximum extent permitted by law.

**Construction of this Dispute Resolution Policy**

The Company is a multi-state business engaged in transactions involving interstate commerce and this Policy evidences a transaction involving such interstate commerce.  Accordingly, the terms of this Policy shall be construed and enforced in accordance with the Federal Arbitration Act, which is codified at 9 U.S.C. § 1 *et seq*.

**Sole and Entire Agreement**

The Policy expresses the entire agreement between the teammate and the Company concerning the procedures for resolving arbitrable claims.  Unless otherwise provided by this Policy, this Policy is intended to, and shall, revoke and supersede any and all other agreements between teammate and the Company (whether written, oral, express, or implied) concerning arbitration of the arbitrable claims.

**Modification or Revocation of the Policy**

This Policy shall survive the termination of teammate's employment with the Company.  It may only be revoked or modified by:

- A writing signed by the teammate and the CEO of Great Star USA, LLC  (acting in his or her capacity as President of the Company) stating an intent to revoke, supersede, or modify this Agreement; OR

- A future dispute resolution Policy or agreement that: is in writing; provides for the resolution of arbitral claims; states an intent to modify, revoke, or supersede any prior agreement between the Company and the teammate governing the procedures for resolving the arbitrable claims; and is offered by the Company, and accepted by the teammate, as a condition of future or continued employment by the Company.

**No Limitation on Right to Engage in Protected Concerted Activities**

This Policy does not restrict or prohibit, and shall not be construed to restrict or prohibit, the Teammate's right to engage in concerted activities protected by Section 7 of the National Labor Relations Act, which is codified at 29 U.S.C. § 157.  Information about such rights is available on the National Labor Relations Board's website: https://www.nlrb.gov/. The Company will not retaliate against the Teammate for exercising any rights given to the Teammate by Section 7 of the National Labor Relations Act.

**Additional Information**

Any teammate seeking information concerning the operation, meaning or application of this Policy may contact the Human Resources Department.