**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CANDICE GAIR and RACHAEL BERRY, on behalf of themselves and all others similarly situated,

                      Plaintiffs,

     v.

GREAT STAR TOOLS, USA, INC.,

                      Defendant.

CASE NO.  4:21-CV-00976-MWB

**JOINT MOTION AND BRIEF IN SUPPORT OF JOINT MOTION FOR AN ORDER (i) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT, (ii) APPROVING CLASS NOTICE, (iii) SCHEDULING FAIRNESS HEARING, AND (iv) GRANTING RELATED RELIEF, AND AN ORDER (v) APPROVING SETTLEMENT AGREEMENT ON A FINAL BASIS, (vi) APPROVING CLASS COUNSEL'S FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS, AND (vii) GRANTING <u>RELATED RELIEF</u>**

## **TABLE OF CONTENTS**

RELIEF REQUESTED ................................................................................................. 1

BACKGROUND OF PROCEEDINGS ...................................................................... 2

SIGNIFICANT TERMS OF THE SETTLEMENT ................................................... 3

THE BASIS FOR THE RELIEF REQUESTED ........................................................ 6

    A.   Preliminary Approval Should be Granted Because the Settlement is Fair and
        Reasonable ........................................................................................................ 6

    B.   The Court Should Approve Class Counsel's Attorneys' Fees and Costs. ........ 10

    C.   The Court Should Approve the Service Payment to the Class Representatives. .............. 14

    D.   Proposed Notice Schedule ............................................................................. 15

    E.   The Court Should Set a Fairness Hearing and Finally Approve the Settlement at the
        Fairness Hearing. ............................................................................................ 16

CONCLUSION .......................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aguiar v. Quaker Fabric Corporation,*
 Adv., Proc. No. 07-51716 (Bankr. D. Del.) ............................................................. 15

*Beneli v. BCA Fin. Services, Inc.,*
 324 F.R.D. 89 (D.N.J. 2018) .................................................................................. 6

*Blum v. Stenson,*
 465 U.S. 886 (1984) ............................................................................................... 10

*Boeing Co. v. Van Gemert,*
 444 U.S. 472 (1980) ............................................................................................... 10

*Bradburn Parent Teacher Store, Inc. v. 3M,*
 513 F. Supp. 2d 322 (E.D. Pa. 2007) ......................................................... 12, 13, 14

*Cullen v. Whitman Med. Corp.,*
 197 F.R.D. 136 (E.D. Pa. 2000) ............................................................................. 14

*Gates v. Rohm & Haas Co,*
 248 F.R.D. 434 (E.D. Pa. 2008) ........................................................................... 6, 8

*Girsh v. Jepson,*
 521 F.2d 153 (3d Cir. 1975) ..................................................................................... 9

*Glaberson v. Comcast Corp.,*
 Civ. 03-6604, 2015 WL 5582251 (E.D. Pa. Sept. 22, 2015) .................................. 12

*Gunter v. Ridgewood Energy Corp.,*
 223 F.3d 190 (3d Cir. 2000) ................................................................................... 11

*Henderson, et al. v. Volvo Cars of NorthAmerica, LLC, et al.,*
 09-004149 (CCC), 2013 WL 1192479 (D.N.J. Mar. 22, 2013) ............................... 6

*In re AT&T Corp. Secs. Litig.,*
 455 F.3d 160 (3d Cir. 2006) ................................................................................... 12

*In re Cendant Corp. Litig.,*
 264 F.3d 201 (3d Cir. 2001) ....................................................................... 11, 13, 16

*In re Community Bank of Northern Virginia,*
 No. 03-0425, 2008 WL 3833271 (W.D. Pa. Aug. 15, 2008) ....................... 6,7,10,16

*In re Flonase Antitrust Litig.*,
   951 F. Supp. 2d 739 (E.D. Pa. 2013) ................................................................ 12

*In re General Motors Corp.*,
   55 F.3d 768 (3d Cir. 1995)............................................................................... 6, 16

*In re Ikon Office Solutions, Inc. Secs. Litig.*,
   194 F.R.D. 166 (E.D. Pa. 2000) ................................................................... 11, 12

*In re Prudential*,
   148 F.3d (3rd Cir. 1998) ...................................................................................... 8

*In re Rite Aid Corp. Secs. Litig.*,
   396 F.3d 294 (3d Cir. 2005)............................................................................... 12

*In re Sch. Asbestos Litig.*,
   921 F.2d 1330 (3d Cir. 1990)............................................................................. 6

*In re Warfarin Antitrust Litigation*,
   391 F.3d 516 (3d Cir. 2004)................................................................................ 6

*Jones v. Alliance Bancorp*, Adv.,
   Adv. Proc. No. 07-51799 (Bankr. D. Del.) ....................................................... 15

*Levit v. Filmways, Inc.*,
   620 F. Supp. 421 (D. Del. 1985)........................................................................ 12

*Mehling v. New York Life Ins. Co.*,
   246 F.R.D. 467 (E.D. Pa. 2007)........................................................................... 7

*Smith v. Professional Billing & Mgmt. Sys., Inc.*,
   No. 06-4453 (JEI), 2007 WL 4191749 (D.N.J. Nov. 21, 2007) ......................... 6

*Thomas v. NCO Fin. Sys.*,
   No. 00-5118, 2002 WL 1773035, (E.D. Pa. July 31, 2002) ............................... 7

*Walsh v. Great Atl. & Pac. Tea Co.*,
   726 F.2d 956 (3d Cir.1983)................................................................................. 7

Statutes

29 U.S.C. § 2101 ...................................................................................................... 2
29 U.S.C. § 2101(a)(5)............................................................................................. 3

Rules

Fed. R. Civ. P. 23(c)(1)(C) ..................................................................................... 4

Fed. R. Civ. P. 23(e)(2) ........................................................................................ 17
Fed. R. Civ. P. 23(h) ............................................................................................ 11
Federal Rule of Civil Procedure 23(e) ............................................................ 9, 17
Rule 23(c)(2)(B) ................................................................................................... 10

Other Authorities

Manual for Complex Litigation (Fourth) § 21.632 (2004) .......................................... 8

Plaintiffs Candice Gair and Rachael Berry ("Named Plaintiffs"), along with Defendant Great Star Tools, USA, Inc. ("Defendant" or "Great Star"), by and through their undersigned counsel, hereby move this Honorable Court for an entry of an Order: (i) preliminarily approving the Settlement Agreement, (ii) approving the form and manner of notice to the members of the Class (as described in the Motion and Settlement Agreement), (iii) scheduling a fairness hearing to consider final approval of the settlement, (iv) approving the Settlement Agreement on a final basis at the fairness hearing, (v) approving Class Counsel's fees and expenses, and (vi) granting related relief (the "Motion").  In support of the Motion, the Parties respectfully represent as follows:

## RELIEF REQUESTED

 By this Motion and the supporting memorandum of law, the Parties seek:

**(A)** entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Preliminary Order"), (i) granting preliminary approval of the settlement described in the Settlement Agreement attached hereto as **Exhibit B** (the "Settlement Agreement"), (ii) approving the form and manner of notice to the members of the Class as described in the Motion and Settlement Agreement, and a proposed form of which is attached hereto as **Exhibit C** (and which will include the schedule of known class members attached hereto as **Exhibit D**), (iii) scheduling a fairness hearing to consider final approval of the Settlement, and (iv) granting any related relief; and

**(B)** at the fairness hearing, entry of an order, substantially in the form attached hereto as **Exhibit E** (the "Proposed Final Order"), (i) approving on a final basis the Settlement Agreement, Class Counsel's fees and expenses and Class Representative Service Awards and (ii) granting related relief.

In further support of the Motion, the Parties rely upon the Declaration of René S. Roupinian, attached hereto as **Exhibit F** and all prior pleadings and exhibits filed in this action.

## BACKGROUND OF PROCEEDINGS

Between September 15, 2020 and December 24, 2020, Shop-Vac Corporation terminated the employment of approximately 436 employees.  On December 23, 2020, Great Star purchased the assets of Shop-Vac Corporation.  On May 28, 2021, Plaintiff Candice Gair sued Shop-Vac Corporation, on behalf of herself and all others similarly situated, asserting that Shop-Vac Corporation violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*.  The case was filed in this Court as Case No. 4:21-cv-00976-MWB (the "WARN Action").  On February 15, 2022, Plaintiff Gair amended her Complaint and added Great Star as a defendant, asserting that Great Star was liable under a successorship theory of liability for Shop-Vac Corporation's WARN violation.  (ECF 21).

On January 23, 2023, Plaintiff filed a Motion for Class Certification and Other Relief (ECF 46).  On February 17, 2023, Plaintiff and Shop Vac moved for dismissal of Shop Vac as a defendant in this action (ECF 52), which the Court granted on March 27, 2023. (ECF 56).

On September 14, 2023, the Court granted class certification and added Rachael Berry as a plaintiff to the WARN Action. (ECF 72, 73). Shortly thereafter, on September 29, 2023, Defendant filed a motion to dismiss Plaintiff Berry and stay distribution of notice of class certification, which Plaintiff opposed.  (ECF 74, 79, 81).  On October 20, 2023, the Court granted Defendant's motion to stay distribution of notice of class certification.  (ECF 80).  The Court denied Defendant's Motion to Dismiss Plaintiff Berry (and granted its motion to amend its answer) on February 21, 2024. (ECF 88).  Pursuant to the Court's order to submit a proposed class notice (ECF 89), Plaintiffs did so on March 6, 2024. (ECF 95).

On March 1, 2024, Great Star noticed an appeal of the Court's decision denying dismissal of Ms. Berry from the case and moved to stay this case in its entirety, which Plaintiff opposed. (ECF 90, 94). Following Great Star's filing of the notice of appeal, the Parties jointly moved to stay the case pending mediation and engaged in settlement negotiations, culminating in a settlement agreement that they now submit to the Court for approval and related relief. The Parties have also engaged in extensive discovery throughout the pendency of this case, including the exchange of written requests and responses, document production, and depositions.

## SIGNIFICANT TERMS OF THE SETTLEMENT

The terms of the proposed Settlement are set out in the Settlement Agreement (**Exhibit B**), which shall be binding upon the Parties in the event this Court approves the Settlement Agreement. The following is a summary of its key terms:

    a.    **Settlement Class.** "The Settlement Class" is defined as Plaintiffs and all persons who (i) worked at or reported to Shop-Vac Corporation's facility in Williamsport, Pennsylvania; (ii) were terminated from employment on or about September 15, 2020, or within 90 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Shop-Vac Corporation on or about September 15, 2020; (iii) are affected employees within the meaning of 29 U.S.C. § 2101(a)(5); (iv) are not Excluded Individuals, as defined in the Settlement Agreement; and (v) have not filed a timely request to opt out of the class[1].

    b.    **Excluded Individuals and Settlement Class Members**: "Excluded Individuals" is defined as Felice Miller, Janine Miller, and Jonathan Miller.[2] Individuals, other than Excluded Individuals, who meet the criteria of the Settlement Class, are "Settlement Class Members."

---

[1] The proposed definition of the "Settlement Class" mirrors that of the class certified by the Court on September 14, 2023 (ECF 72, 73), except that it no longer contains a subclass. (*See* ECF 73). Even after a class is certified, the Court may modify the class in light of subsequent developments in litigation. Fed. R. Civ. P. 23(c)(1)(C). Here, the Settlement Class subsumes the previously-certified subclass represented by Plaintiff Rachael Berry (ECF 73). The subclass had been created to litigate an issue faced by some, but not all class members: an agreement they signed when they were later re-hired by Great Star. In light of the proposed settlement, there is no longer a need for a subclass. For purposes of the proposed settlement, both Plaintiffs Gair and Berry will be class representatives for the global Settlement Class.

[2] The Excluded Individuals were Shop-Vac Corporation's executive management. The Parties agree that they are not properly included in the class.

c.  **Gross Settlement Amount:** Pursuant to the terms of the Settlement Agreement, within twenty-one days following the Effective Date, the Class, in full and final settlement of the WARN Action Defendant shall pay One Million Dollars and No Cents ($1,000,000.00) to settle this action.  The Gross Settlement Amount is inclusive of payment for (a) all Settlement Class Members or their respective authorized legal representatives; (b) the Service Awards approved by the Court for Named Plaintiffs Candice Gair and Rachael Berry; and (c) all Attorneys' Fees and Expenses approved by the Court, including the cost to administer the settlement payment.  The Settlement Amount is exclusive of the employer's share of applicable payroll taxes, which shall be paid by Defendant from separate funds.

d.  **Administration of Payment:**  Defendant shall remit the Gross Settlement Amount to a qualified settlement fund to be established by American Legal Claims Service, LLC ("Administrator").  The Administrator further shall calculate and provide to Defendant a statement of the amount of the employer's share of payroll taxes for the Settlement Class Members' share of the distributable Settlement Amount (the "Employer Payroll Taxes") which Defendant will pay from separate funds. The Administrator shall also be responsible for distributing notice to the Class.

e.  **Allocation of the Gross Settlement Amount**:

(a)  <u>Net Settlement Amount</u>. The amounts approved by the Court for Class Representative Service Awards and Attorneys' Fees and Expenses (including the Administrator's Costs) shall be deducted from the Gross Settlement Amount to determine the Net Settlement Amount.

(b)  The Net Settlement Amount shall be distributed as follows, with Settlement Class Members assigned to one of the three groups below ("Distribution Groups")[3]:

(i)  For Settlement Class members whom Great Star did not hire, distribution will be based upon each individual Settlement Class Member's (a) average monthly gross wages or salary and any benefits under any employee benefit plan, and (b) his or her hire date, notice date, and termination date, based on Defendant's records, on a pro-rata basis ("Pro-Rata Class Members").

(ii)  For Settlement Class Members whom Shop-Vac Corporation terminated before December 24, 2020, and whom Great Star hired, distribution based upon each Settlement Class Members' (a) average monthly gross wages or salary and any benefits under any employee benefit plan, and (b) his or her hire date, notice date and termination date, based on Defendant's records, on a pro-rata basis with an adjustment for additional legal risk ("Re-Hire Class Members").

---

[3] A schedule of known class members, and their respective Distribution Groups, is attached as Exhibit D.

4

(iii) For Settlement Class Members whom Shop-Vac Corporation employed through December 24, 2020, and whom Great Star hired, distribution will be based on a fixed amount per capita to account for additional legal risk ("Fixed Amount Class Members")

f.    **Residual Funds:**  Any distribution checks from the Qualified Settlement Fund to Settlement Class Members not deposited or presented for payment within one hundred eighty (180) days of the distribution shall be deemed residual funds (the "Residual Funds") and be distributed within ninety (90) days of their becoming Residual Funds, to anyone omitted from the Settlement Class Member list provided to the Administrator who Class Counsel determines qualifies to be Settlement Class Members, with any remainder funds donated to the United Way of Lancaster County, a non-profit 501(c)(3) charitable organization.

g.    **Service Payment to Class Representatives:**  Subject to the Court's approval, Candice Gair and Rachael Berry shall each receive from the Qualified Settlement Fund, in addition to their pro-rata share, a payment of $12,500 for their service to the Class (the "Class Representative Service Payments").

h.    **Class Counsel's Fees and Expenses:**  Subject to the Court's approval, Class Counsel shall be reimbursed for its expenses incurred in the course of this action from the Gross Settlement Amount.  Class Counsel's Expenses will include, but are not limited to, the cost of the Administrator, including the costs of distributing notice of the settlement and the individual payments from the Net Settlement Amount to the Settlement Class Members.  Subject to the Court's approval, Class Counsel shall also receive attorneys' fees in the amount of one-third (1/3) of the Gross Settlement Amount net of Class Representative Service Payments and Class Counsel's Expenses ("Class Counsel's Fees").

i.    **Release:** Except for the rights expressly arising out of, provided for, or reserved in the Settlement Agreement, upon the Effective Date, the Settlement Class Members (except for any who opt-out of the Settlement Agreement), for and on behalf of themselves, and their assigns, heirs, personal representatives and estates (collectively, the "Releasing Parties"), fully and forever release and discharge Defendant and each of its current and former members, subsidiaries and affiliated entities, and each of its officers, directors, shareholders, agents, employees, employee benefit plans,  accountants, attorneys, representatives and other agents, and all of its respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from (a) any claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees, and damages of whatever kind or nature, at law, in equity and otherwise, whether known or unknown, anticipated, suspected, or disclosed, that the Releasing Parties may now have or may have had against the Released Parties related to any federal, state, and local law claims, whether statutory, common law, or otherwise, related to or arising from the failure to provide notice of employment termination from September 15, 2020, to December 15, 2020, including but not limited to claims under the WARN Act and its state and local equivalent laws, and (b) any other claims for which Great Star could be held liable related

to said termination, provided that the Class Member has not filed a charge or complaint related to such claim as of the date of the Settlement Agreement (the "Released Claims").

## THE BASIS FOR THE RELIEF REQUESTED

### A.    Preliminary Approval Should be Granted Because the Settlement is Fair and Reasonable

Settlement spares litigants the uncertainty, delay, and expense of a trial, and reduces the burden on judicial resources.  As a result, courts in the Third Circuit have recognized that [t]he law favors settlement, particularly in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation." *In re General Motors Corp*., 55 F.3d 768, 785-86 (3d Cir. 1995); *Beneli v. BCA Fin. Services, Inc*., 324 F.R.D. 89, 101 (D.N.J. 2018) ("the law encourages and favors settlement of civil actions in federal courts, particularly in complex class actions"); *In re Warfarin Antitrust Litigation*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation, and it should therefore be encouraged"); *Henderson, et al. v. Volvo Cars of North America, LLC, et al.,* 09-004149 (CCC), 2013 WL 1192479 at *7 (D.N.J. Mar. 22, 2013) ("settlement of litigation is especially favored by courts in the class action setting"); *see also In re Sch. Asbestos Litig*., 921 F.2d 1330, 1333 (3d Cir. 1990) (the court "encourage[s] settlement of complex litigation that otherwise could linger for years").

Approval of a class settlement generally requires two hearings:  one preliminary approval hearing and one final "fairness" hearing.  *Gates v. Rohm & Haas Co*, 248 F.R.D. 434, 438 (E.D. Pa. 2008).  "The preliminary approval decision is not a commitment [to] approve the final settlement; rather, it is a determination that "there are no obvious deficiencies and the settlement falls within the range of reason."" *Id.* at 438, quoting *Smith v. Professional Billing & Mgmt. Sys., Inc*.,  No. 06-4453 (JEI), 2007 WL 4191749, at *1 (D.N.J. Nov. 21, 2007); *see also In re*

*Community Bank of Northern Virginia*, No. 03-0425, 2008 WL 3833271 (W.D. Pa. Aug. 15, 2008).

The ultimate approval of a class action settlement depends on "whether the settlement is fair, adequate, and reasonable." *Mehling v. New York Life Ins. Co.*, 246 F.R.D. 467, 472 (E.D. Pa. 2007), *citing Walsh v. Great Atl. & Pac. Tea Co.*, 726 F.2d 956, 965 (3d Cir.1983). In evaluating a proposed settlement for preliminary approval, however, the Court is required to determine only whether "the proposed settlement discloses grounds to doubt its fairness or other obvious deficiencies such as unduly preferential treatment of class representatives or segments of the class, or excessive compensation of attorneys, and whether it appears to fall within the range of possible approval." *Mehling*, 246 F.R.D. at 472, *citing Thomas v. NCO Fin. Sys*., Civ.A 00-5118, 2002 WL 1773035, at *5, (E.D. Pa. July 31, 2002). At this stage, the Court "need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute." *Mehling*, 246 F.R.D. at 472.   After a preliminary determination as to the fairness of the Settlement, the Court must direct notice to class members and hold a final fairness hearing before formally approving the settlement. *See* Manual for Complex Litigation (Fourth) § 21.632 (2004).

Here, the Settlement Agreement has no obvious deficiencies and falls well within the range of reason. Each of the above-cited factors favor preliminary approval of the Settlement Agreement. First, the settlement is the result of good faith, arm's length negotiations between capable adversaries. The Parties negotiated their settlement via mediation before the Honorable Judge Morton Denlow (Ret.) of JAMS.  Second, the Parties have engaged in substantial discovery during litigation, including production of documents and depositions. They have carefully weighed the potential effects of the court's decisions to date on the various motions filed in this action, on their chances of prevailing at trial and possibly, on appeal. Third, counsel for the parties have the experience and the skill to both vigorously litigate WARN Act claims and to determine when and

to what extent settlement is appropriate. Class Counsel has litigated over 150 WARN cases in federal district and bankruptcy courts, many of which are courts in the Third Circuit. The Class Representatives approve the settlement and Class Counsel anticipates that extremely few, if any, Class Members will object to the settlement. *See Gates*, 248 F.R.D. at 445-446 (granting conditional certification of settlement class and preliminary approval of settlement and directing notice to class members). Considering the foregoing, the Court should preliminarily approve the Settlement Agreement.

Once a settlement is preliminarily approved, notice of the settlement and of the final fairness hearing is provided to class members. Federal Rule of Civil Procedure 23(e) requires that all members of the class be notified of the terms of any proposed settlement. The Rule 23(e) requirements are "designed to summarize the litigation and the settlement and to apprise class members of the right and opportunity to inspect the complete settlement documents, papers and pleadings filed in the litigation." *In re Prudential*, 148 F.3d at 326-27 (3rd Cir. 1998). The proposed Notice of Settlement and Fairness Hearing (**Exhibit C**) will be served by Class Counsel on each Class Member. The Parties propose that within fifteen days following entry of the Preliminary Order, Class Counsel will mail the notice to each Class Member at their last known addresses according to the relevant books and records, and as updated by Class Counsel.

The proposed Class Notice includes each of the facts required by Rule 23(c)(2)(B). Specifically, the Class Notice contains the following information:

- That the Settlement Agreement shall become effective only if it is approved by the Court and an Approval Order is entered by the Court;
- That, upon approval, the Settlement Agreement shall be effective as to all Class Members;
- That Class Members have the right to opt-out of the Class or to object to the Settlement Agreement, either in person or through counsel at the Fairness Hearing; and
- That upon the Effective Date, all Released Claims (defined in the Settlement

Agreement) of a Class Member (other than those claims to be paid under the terms of the Settlement Agreement) shall be waived, and that no person, including the Class Member, shall be entitled to any further distribution thereon.

The Class Notice also outlines the terms of the Settlement Agreement, including the attorneys' fees proposed to be paid to Class Counsel and describes how each Class Member may obtain a copy of the pleadings in the Action and a copy of the Settlement Agreement. The proposed Notice also states the date, time, location, and purpose of the Fairness Hearing, informs Class Members of their right to appear at the Fairness Hearing, and describes the procedure for objecting to the Settlement Agreement. Accordingly, the proposed form of and manner to distribute the Notice of Settlement and Fairness Hearing is sufficient and should be approved.

The Third Circuit has held that the following nine factors are relevant in determining whether a proposed class settlement is fair, reasonable, and adequate: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendant to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best recovery; and (9) the range of reasonableness of the settlement in light of all the attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

The *Girsh* factors strongly support approval of the Settlement Agreement: (i) further litigation will be complicated, protracted and expensive, including a pending appeal before the Third Circuit Court of Appeals; (ii) Plaintiffs support the Settlement Agreement and Class Counsel believes the bulk of the other Class Members will have a favorable reaction to the Settlement Agreement and will not object to it; (iii) the Settlement Agreement was reached after the essential facts had been thoroughly investigated by Class Counsel and the parties had shared their respective

views of the case during settlement negotiations; (iv) the risk that Plaintiffs would be unable to establish liability was significant because of the defenses asserted by Great Star if litigation had continued; (v) the unpredictable outcome of Great Star's appeal of the Court's decision denying dismissal of Ms. Berry as a named plaintiff; and (vi) when considered in light of the best possible recovery and the attendant risks, the settlement falls well within the range of reasonableness. The settlement provides for a Settlement Amount of one million dollars, approximately 45% of Plaintiffs' estimated full damages for the class members. Relative to full damages for the two groups of class members with the strongest claims (the Pro Rata and Re-Hire Class Members), the recovery is approximately 50% of the maximum potential damages. *In re Community Bank of Northern Virginia,* No. 03-0425, 2008 WL 3833271 (W.D. Pa. Aug. 15, 2008) (finding that in light of the attendant risk, a settlement representing 12.6% of the prayer was reasonable).

Based on the foregoing, the Court should finally approve the Settlement Agreement.

### B.    The Court Should Approve Class Counsel's Attorneys' Fees and Costs.

Class Counsel is entitled to be paid a fee out of the settlement fund created for the benefit of the Class. Fed. R. Civ. P. 23(h); *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980) (the Supreme Court has "recognized consistently" the common fund doctrine to permit attorneys who obtain a recovery for a class to be compensated from the benefits achieved as a result of their efforts); *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984) (calculation of fees based on the common fund doctrine is based on a percentage of the common fund recovered). Great Star does not oppose this request and is neutral regarding the points discussed in this section of the Motion.

The law in this Circuit is settled that in common fund cases, fees for class counsel are awarded primarily based on a percentage of the common fund recovered for the class and that a lodestar is considered only when the court cannot otherwise come to a resolution of class counsel's

fees. *In re Cendant Corp. Litig.*, 264 F.3d 201, 221, 283 (3d Cir. 2001); *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195, n.1 (3d Cir. 2000). Class Counsel submits that the award of a fee of one-third of the Settlement Amount, as provided in the Settlement Agreement, is fully warranted.

The percentage award should be based on seven factors, among others, that were enumerated in *Gunter*, 223 F.3d at 195, n. 1, and then quoted with approval in *Cendant,* 264 F.3d at 283, as follows: (a) the size of the fund created and the number of persons benefited; (b) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (c) the skill and efficiency of the attorneys involved; (d) the complexity and duration of the litigation; (e) the risk of nonpayment; (f) the amount of time devoted to the case by plaintiffs' counsel; and (g) the awards in similar cases. An eighth factor — "the percentage likely to have been negotiated between private parties in a similar case" —was considered in determining the percentage fee award from a common fund in the case *In re Ikon Office Solutions, Inc. Secs. Litig.*, 194 F.R.D. 166, 193 (E.D. Pa. 2000).

Class Counsel submits that the application of these eight factors to the Action shows that the agreed attorneys' fee of one-third of the Settlement Amount (less Expenses and Class Representative Service Awards) should be approved for the following reasons:

- As to the size of the class and the recovery, the Class is currently 427 members, and the one million dollar Settlement Amount represents approximately 45% of the Class's maximum damages. Relative to full damages for the two groups of class members with the strongest claims (the Pro Rata and Re-Hire Class Members), the recovery is 50%.

- Plaintiffs support the Settlement and Class Counsel anticipates that few, if any, Class Members will object, and that those objections, if any, will not be substantial or merited.

- As shown by the favorable settlement of this matter achieved in the face of the difficult liability issues, Class Counsel provided legal services with considerable

skill. The services were rendered with efficiency, considering the complexity of the issues, the difficulty of addressing Great Star's defenses, and the need for additional discovery. Class Counsel also contended with extensive motions practice related to class certification and a motion to dismiss.

- The risk of non-payment at the outset was substantial as it was not known at that time whether there would be sufficient funds available to pay the class's claims. In addition, the defenses asserted by Great Star created further risk of non-payment.

- As to fees in similar cases, Class Counsel submits that in WARN class actions that Class Counsel has prosecuted, Class Counsel's requests for attorneys' fees – almost always for one-third the class recovery – have never been denied or reduced. (*See* Roupinian Declaration, discussed *infra*).

- As to the percentage likely to have been negotiated between private parties in a similar case, Class Counsel was retained by the Class Representatives on a one-third contingency basis, plus expenses. Class Counsel has been consistently retained in other WARN class actions on a one-third contingency basis. Class Counsel submits that each of the factors to be weighed in considering a fee request plainly favor the award of one-third of the common fund.

The requested fee of one-third of the proposed Settlement Amount is supported by the percentage awards in other common fund cases. The "Third Circuit favors the percentage-of-recovery method of calculating fee awards in common fund cases." *Glaberson v. Comcast Corp*., Civ. 03-6604, 2015 WL 5582251, at *11 (E.D. Pa. Sept. 22, 2015), citing *In re AT&T Corp. Secs. Litig*., 455 F.3d 160, 164 (3d Cir. 2006); *In re Rite Aid Corp. Secs. Litig*., 396 F.3d 294, 300 (3d Cir. 2005). As pointed out in *Ikon,* 194 F.R.D. at 194, attorneys' fee awards based upon a percentage of a common fund mostly "fall in the range of nineteen to forty-five percent." *See Levit v. Filmways, Inc*., 620 F. Supp. 421 (D. Del. 1985) (33% of the common fund); *In re Flonase Antitrust Litig*., 951 F. Supp. 2d 739, 751 (E.D. Pa. 2013) (attorneys' fees of $50 million, representing 33 1/3% of common fund of $150 million, approved); *Bradburn Parent Teacher Store, Inc. v. 3M*, 513 F. Supp. 2d 322, 336 (E.D. Pa. 2007) (attorneys' fees of 35% of common fund approved). Class Counsel submits that the fees of one-third of the common fund should be

approved under the multi-factor test applicable in this Circuit to fee awards from common fund recoveries.

As to fees in similar cases, Class Counsel has consistently been awarded fees of one-third of the class recovery in WARN Act cases by district courts and bankruptcy courts across the country, including in the courts of the Third Circuit. As outlined in the declaration of Class Counsel Rene S. Roupinian (attached hereto as **Exhibit F**), Recent WARN class actions that have been settled in this Circuit include:  *Daveler, et al. v. Worley & Obetz, Inc., et al.*, Case No. 18-00132 (MDC) (Bankr. E.D. Pa.); *Boyko v. Virgin Orbit, LLC*, Case No. 23-50324 (KBO) (Bankr. D. Del.); *Karaniewsky v. US Investigative Services LLC*, Case No. 15-50204 (KBO) (Bankr. D. Del.); *Wilrich v. Charming Charlie Holdings, Inc.,* Case No. 19-50276 (MFW) (Bankr.D. Del.); *Turner et al. v. Klausner Lumber Two, LLC,* Case No.  20-115189 (KBO) (Bankr.D. Del.); *Thomay, et al. v. Klausner Lumber One, LLC,* Case No.  20-50602 (KBO) (Bankr.D. Del.), *Etzelberger v. FAH Holdings, Inc*., Case No. 13-13087(BLS) (Bankr. D. Del.).  In all of Class Counsel's more than 100 WARN class action settlements, counsel has not been awarded less than one-third.

In addition to an attorneys' fee of one-third of the Settlement Amount, Class Counsel is seeking reimbursement for out-of-pocket costs incurred in the litigation (including the costs associated with the production and mailing of the notices). To date, Class Counsel has incurred approximately $23,462.37 in expenses prosecuting the Action and expects to incur additional expenses in connection with seeking preliminary and final approval of the Settlement, distribution and mailing of the Class Notice, and communicating with Class Members regarding the Settlement.

In the Third Circuit, reference to the lodestar (i.e., the time reasonably spent at a reasonable hourly rate) is disfavored as "very time consuming" and, is only to be resorted to if the court is

concerned that the fee award may result in a "windfall." To avoid that result, courts can "cross-check" the percentage award against the lodestar. *Cendant*, 264 F.3d at 285; *Bradburn*, 513 F. Supp. 2d at 338. 63. The Court should resolve the fee request without reference to the lodestar, especially in view of the burdens of carrying-out a lodestar "cross-check." Such a cross-check would, in any event, demonstrate that the requested fee results in a negative multiplier. Class Counsel would receive approximately half of their lodestar fees for this case.

C.    **The Court Should Approve the Service Payment to the Class Representatives.**

The Class Representatives should be awarded a Service Payment for the significant work they undertook on behalf of the Class. *Bradburn,* 513 F. Supp. 2d at 342 ("'Courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'") (citing *Cullen v. Whitman Med. Corp*., 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Great Star does not oppose the requested service payment and is neutral regarding the points discussed in this section of the Motion.

Plaintiff Gair filed a federal lawsuit that is searchable on the internet and may become known to prospective employers when evaluating her applications for employment. She retained Class Counsel to commence this action shortly after being terminated from her employment. She agreed to initiate the class action as a named plaintiff at a point when her future was uncertain and employment prospects potentially dimmed by suing her former employer. Plaintiff Berry assumed these same risks by stepping forward to represent a prospective subclass of employees as litigation was ongoing. Plaintiffs have expended time and effort to assist with the preparation of pleadings and discovery, including Plaintiffs' motion for class certification, preparation for depositions of witnesses, and opposing Great Star's effort to dismiss Ms. Berry as a named plaintiff. But for their efforts since this case was filed, the work done in prosecuting this case would have come to naught.

Accordingly, the Service Payments are appropriate and justified as part of the overall Settlement considering the value of their services to the Class in the face of considerable risks.

Finally, the amount of the Service Payment of $12,500 to each named plaintiff is consistent and on scale with amounts awarded in WARN Act class actions. The following is a sampling of WARN cases where service payments were commensurate with the amount requested here, as described in the Roupinian Declaration (**Exhibit F**): *Daveler, et al. v. Worley & Obetz, Inc., et al.*, Case No. 18-00132 (MDC) (Bankr. E.D. Pa.) ($20,000 to each of two class representatives in $2.2 million settlement); *Boyko v. Virgin Orbit, LLC*, Case No. 23-50324 (KBO) (Bankr. D. Del.) ($20,000 service award in $1.455 million settlement); *Jones v. Alliance Bancorp*, Adv. Proc. No. 07-51799 (Bankr. D. Del.) ($15,000 service award in $1 million settlement with Chapter 7 debtor); *Turner et al. v. Klausner Lumber Two, LLC*, Case No. 20-115189-KBO (Bankr. D. Del) ($10,000 service payment to class representative in $540,000 settlement); *Thomay, et al. v. Klausner Lumber One LLC*, Case No. 20-50602-KBO (Bankr. D. Del.) ($20,000 service payment in $1.4 million settlement); *Aguiar v. Quaker Fabric Corporation,* Adv. Proc. No. 07-51716-KG (Bankr. D. Del.) (service award of $15,000 in $1 million settlement); *Etzelberger v. FAH Holdings, Inc*., Case No. 13-13087-BLS (Bankr. D. Del.) (service award of $20,000 in $1.8 million settlement).

## D.    Proposed Notice Schedule

The Court's entry of an Order granting preliminary approval of settlement would, among other things, (i) preliminarily approve the Settlement Agreement, (ii) direct notice of settlement to the Class, and (iii) schedule a fairness hearing to consider final approval of the Settlement Agreement. Accordingly, the Parties propose the following schedule:

- *Deadline for Notice of Settlement to be mailed to Class Members*: fifteen (15) days following entry of the Order granting Preliminary Approval of Settlement
- *Deadline to Opt-Out or Object to the Settlement*: fifteen (15) days prior the Final Fairness Hearing.

- *Final Fairness Hearing*: sixty (60) days from preliminary approval of the Settlement.

**E.      The Court Should Set a Fairness Hearing and Finally Approve the Settlement at the Fairness Hearing.**

At the Fairness Hearing, the Court should finally approve the Settlement Agreement.  Civil Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed or compromised only with the court's approval." *Id*.  Final approval of a settlement pursuant to Civil Rule 23(e) turns on whether the settlement is "fair, reasonable and adequate." Fed. R. Civ. P. 23(e)(2); I*n re Cendant Corp. Litig.*, 264 F.3d 201, 231 (3d Cir. 2001). "This inquiry requires the court's independent and objective analysis of the evidence and circumstances before it in order to determine whether the settlement is in the best interest of those whose claims will be extinguished." *Community Bank*, 2008 WL 3833271 at * 5 (quoting *In re General Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d 768, 785 (3d Cir.1995). For the same reasons outlined above regarding preliminary approval, the Settlement here is fair, reasonable and adequate, and the Court should grant final approval.

<u>**CONCLUSION**</u>

WHEREFORE, the Parties respectfully request that the Court (A) enter an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Preliminary Order"), (i) granting preliminary approval of the settlement described in the Settlement Agreement attached hereto as **Exhibit B**, (ii) approving the form and manner of notice to the members of the Class as described in the Motion and Settlement Agreement, and a proposed form of which is attached hereto as **Exhibit C** (including the schedule attached hereto as **Exhibit D**), (iii) scheduling a fairness hearing to consider final approval of the Settlement, and (iv) granting any related relief; and

(B) at the fairness hearing, enter an order, substantially in the form attached hereto as **Exhibit E**, (i) approving on a final basis the Settlement Agreement, Class Counsel's fees and expenses and Class Representative Service Awards and (ii) granting related relief.

Dated: October 3, 2024

| | |
|---|---|
| */s/  Jack A. Raisner* | */s/ Tanner McCarron* |
| Jack A. Raisner (*admitted pro hac vice*) | Matthew J. Hank (PA #386086) |
| René S. Roupinian (*admitted pro hac vice*) | Tanner McCarron (PA #327855) |
| **RAISNER ROUPINIAN LLP** | **LITTLER MENDELSON, P.C.** |
| 270 Madison Avenue, Suite 1801 | Three Parkway |
| New York, New York 10016 | 1601 Cherry Street, Suite 1400 |
| Telephone: 212- 221-1747 | Philadelphia, PA 19102 |
| Email: rsr@raisnerroupinian.com | Telephone: 206-402-3021 |
| Email: jar@raisnerroupinian.com | Email: mhank@littler.com |
| | Email: tmccarron@littler.com |
| Robert E. Chernicoff | |
| **CUNNINGHAM,CHERNICOFF &** | Keith James (*admitted pro hac vice*) |
| **WARSHAWSKY, PC** | **KEITH JAMES, PLLC** |
| 2320 N. 2nd St. | Suite 315 |
| Harrisburg, PA 17110 | 29100 Northwestern Highway |
| Telephone: 717-238-6570 | Southfield, MI 48034 |
| E-mail: rec@cclawpc.com | Telephone: (248) 864-8981 |
| | James@keithjamespllc.com |
| *Attorneys for Plaintiffs and the Class* | |
| | *Attorneys for Defendant Great Star Tools, USA, Inc.* |

**CERTIFICATE OF SERVICE**

I, Jenny Hoxha, under penalty of perjury, certify the following as true and correct: I am not a party to this action, I am employed by Raisner Roupinian LLP, and I am over 18 years of age. I hereby certify that I caused a true and correct copy of the foregoing *Joint Motion and Brief in Support of Joint Motion for an Order (i) Preliminarily Approving Settlement Agreement, (ii) Approving Class Notice, (iii) Scheduling Fairness Hearing, and (iv) Granting Related Relief, and an Order (v) Approving Settlement Agreement on a Final Basis, (vi) Approving Class Counsel's Fees and Expenses and Class Representative Service Awards, and (vii) Granting Related Relief*, exhibits and certificate of service to be served upon the parties listed below through the Court's ECF filing system:

Keith James
**Keith James, PLLC**
29100 Northwestern Highway, Suite 315
Southfield, MI 48034
James@keithjamespllc.com

Matthew J. Hank
Tanner Mccarron
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
mhank@littler.com
tmccarron@littler.com

Dated: October 3, 2024

/s/ Jenny Hoxha
Jenny Hoxha

18