EXHIBIT B

## SETTLEMENT AGREEMENT

This Settlement Agreement, dated as of 9/3/24 (the "Settlement Agreement" or "Settlement"), is entered into by and among Defendant Great Star Tools USA, Inc. ("Great Star" or "Defendant") and Plaintiffs Candice Gair and Rachael Berry ("Plaintiffs"), on behalf of themselves and the other Settlement Class Members (as defined below). Defendant and the Settlement Class Members are collectively called the "Parties," or, as to each, a "Party."

## BACKGROUND

Between September 15, 2020, and December 24, 2020, Shop-Vac Corporation terminated the employment of approximately 436 employees. On December 23, 2020, Great Star purchased the assets of Shop-Vac Corporation. On May 28, 2021, Plaintiff Candice Gair sued Shop-Vac Corporation, on behalf of herself and all others similarly situated, asserting that Shop-Vac Corporation violated the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq*. The case was filed as Case No. 4:21-cv-00976-MWB in the United States District Court for the Middle District of Pennsylvania (the "WARN Action"). On February 15, 2022, Plaintiff Gair amended her Complaint and added Great Star as a defendant, asserting that Great Star was liable under a successorship theory of liability for Shop-Vac Corporation's actions. On March 27, 2023, the Court dismissed Shop-Vac Corporation as a defendant in the WARN Action. On September 14, 2023, the Court added Rachael Berry as a plaintiff to the WARN Action. The Parties have agreed to settle the WARN Action.

## AGREEMENT

In consideration of the mutual promises and agreements herein, the Parties agree, subject to Court approval, as follows:

1.     **Settlement Filings.**  The Parties shall promptly file with the Court a joint motion, under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), for approval of the Settlement Agreement through a two-stage hearing process (the "Settlement Motion").   The Settlement Motion shall request an initial hearing (the "Initial Hearing") to be set within thirty days of filing the Settlement Motion, at which the Parties shall seek entry of an order (a) preliminarily approving the Settlement Agreement; (b) approving the form and manner of the notice informing Settlement Class Members of the Settlement Agreement and their right to opt out of the class or object to the Settlement (the "Preliminary Settlement Order"); and (c) requesting a fairness hearing (the "Fairness Hearing") to be set within sixty days of entry of the Preliminary Settlement Order.  At the Fairness Hearing, the Parties shall seek entry of an order approving the Settlement Agreement on a final basis (the "Final Settlement Order").  This Settlement Agreement is subject to, and conditioned upon, entry of the Final Settlement Order by the Court approving this Settlement Agreement under Rule 23.

2.     **The Settlement Class.**  "The Settlement Class" is defined as Plaintiffs and all persons who (i) worked at or reported to Shop-Vac Corporation's facility in Williamsport, Pennsylvania; (ii) were terminated from employment on or about September 15, 2020, or within 90 days of that date, or as the reasonably foreseeable consequence of the mass layoff or plant closing ordered by Shop-Vac Corporation on or about September 15, 2020; (iii) are affected employees within the meaning of 29 U.S.C. § 2101(a)(5); (iv) are not Excluded Individuals, as defined in the Settlement Agreement; and (v) have not filed a timely request to opt out of the class.

3.     **Excluded Individuals and Settlement Class Members**: "Excluded Individuals" is defined as Felice Miller, Janine Miller, and Jonathan Miller.  Individuals, other than Excluded Individuals, who meet the criteria of the Settlement Class, are "Settlement Class Members."

4. **<u>Effective Date and Potential Termination.</u>** This Settlement Agreement shall become effective on the date on which the Final Settlement Order becomes a "Final Order" (the "Effective Date"). The Final Settlement Order shall become a Final Order when the time for taking an appeal has expired or, if an appeal has been taken, the day the Final Settlement Order has been affirmed with no further right of appeal. If the Effective Date cannot occur, including without limitation from the Court's entry of a Final Order denying approval of the Settlement with prejudice, (i) this Settlement Agreement shall terminate and become void and without force or effect, and neither this Settlement Agreement, nor the statements herein, shall be admissible in any proceeding involving the Parties; (ii) neither the Settlement Motion nor any pleading filed in support of the Settlement Motion shall be admissible in any proceeding involving the Parties; and (iii) none of the provisions hereof shall prejudice or impair any rights, remedies, or defenses of any of the Parties.

5. **<u>Defendant's Payment Obligations</u>**.

(a) <u>Gross Settlement Amount.</u> In consideration for the dismissal with prejudice of the WARN Action and the release of claims effected by this Agreement and other good and valuable consideration, Defendant shall pay One Million Dollars and No Cents ($1,000,000.00) to settle the WARN Action. Subject to this Agreement, the Gross Settlement Amount is inclusive of payment for (a) all Settlement Class Members or their respective authorized legal representatives; (b) the Service Awards approved by the Court for Named Plaintiffs Candice Gair and Rachael Berry; and (c) all Attorneys' Fees and Expenses approved by the Court, including the cost to administer the settlement payment. The Gross Settlement Amount shall be the amount that Defendant or the Released Parties are required to pay to settle the WARN Action. For the avoidance of doubt, the Settlement Amount is exclusive of the employer's share of applicable

payroll taxes, which shall be paid by Defendant from separate funds. Defendant shall have no liability or responsibility for any additional payment to Settlement Class Members, Named Plaintiffs, Attorneys, or any other person or entity entitled to payment or remuneration under this Settlement Agreement.

(b)    Administration of Payment.  Defendant shall remit the Gross Settlement Amount to a qualified settlement fund to be established by American Legal Claims Service, LLC ("Administrator") in conformity with Internal Revenue Code §468B and under written instructions provided by Class Counsel (the "Qualified Settlement Fund").  The Administrator shall provide Defendant with a form W-9 for the Qualified Settlement Fund to enable payment of the Settlement Amount to the Qualified Settlement Fund. The Administrator further shall calculate and provide to Defendant a statement of the amount of the employer's share of payroll taxes for the Settlement Class Members' share of the distributable Settlement Amount (the "Employer Payroll Taxes") which Defendant will pay from separate funds.  Under no circumstances will Defendant be liable for the Administrator's errors or omissions in making any payments to any person or entity as required hereunder.

(c)    Timing of Payment to Settlement Fund.  Within twenty-one (21) days following the Effective Date, Defendant will remit into the Qualified Settlement Fund both the Gross Settlement Amount and the Employer Payroll Taxes.  The Administrator, as soon as practicable thereafter, shall cause each Settlement Class Member's individual distribution to be paid from the Qualified Settlement Fund and shall transmit distributions via first class U.S. Mail to each Settlement Class Member, as identified by Class Counsel in a list provided to the Administrator (to their last known address, or to such other address as the Settlement Class Members may provide to Class Counsel or that Class Counsel may locate).  By accepting his or

4

her distribution from the Qualified Settlement Fund, each Settlement Class Member agrees that he or she will be solely responsible for any tax liabilities stemming from the payment of such distribution.  On or before entry of the Preliminary Settlement Order, Defendant agrees to provide the Administrator with the social security number and last known address for each Settlement Class Member, to the extent known to Defendant based on the records in Defendant's possession. The Administrator agrees to keep the Settlement Class Members' social security numbers and last known addresses confidential and will use them only to locate Settlement Class Members or to prepare tax filings or as otherwise needed to enable the Administrator to comply with applicable law.

6.    **Allocation of the Gross Settlement Amount**

(a)    Net Settlement Amount.  The amounts approved by the Court for Service Awards, Attorneys' Fees and Expenses (including the Administrator's Costs) shall be deducted from the Gross Settlement Amount to determine the Net Settlement Amount.

(b)    The Net Settlement Amount shall be distributed as follows, with Settlement Class Members assigned to one of the three groups below ("Distribution Groups"):

1. For Settlement Class members whom Great Star did not hire, distribution will be based upon each individual Settlement Class Member's (a) average monthly gross wages or salary and any benefits under any employee benefit plan, and (b) his or her hire date, notice date, and termination date, based on Defendant's records, on a pro-rata basis ("Pro-Rata Class Members").

2. For Settlement Class Members whom Shop-Vac Corporation terminated before December 24, 2020, and whom Great Star hired, distribution based upon each Settlement Class Members' (a) average

monthly gross wages or salary and any benefits under any employee benefit plan, and (b) his or her hire date, notice date and termination date, based on Defendant's records, on a pro-rata basis with an adjustment for additional legal risk ("Re-Hire Class Members").

3.  For Settlement Class Members whom Shop-Vac Corporation employed through December 24, 2020, and whom Great Star hired, distribution will be based on a fixed amount per capita to account for additional legal risk ("Fixed Amount Class Members").

(c)  <u>Schedule of Identified Settlement Class Members</u>.  A schedule shall accompany the Settlement Motion identifying the known Settlement Class Members and their respective Distribution Group.

(d)  <u>Disbursement of Settlement Amount</u>.  The Administrator, as fiduciary on behalf of the Qualified Settlement Fund, shall be responsible for making distributions from the Qualified Settlement Fund of any amounts required by this Settlement Agreement, including the preparation and mailing of the individual settlement checks to Settlement Class Members under applicable law.

(e)  <u>Taxes on Distributions and Duties of Administrator</u>.  The Administrator shall be responsible for calculating, withholding, and paying all income tax withholdings and statutory taxes (both employer and employee payroll taxes) to the taxing authorities under applicable law.  Payroll withholding shall include all applicable federal, state, and local (where applicable) income taxes, and statutory taxes, including, without limitation, Federal Insurance Contribution Act ("FICA"), federal and state unemployment insurance ("UI"), and state disability and insurance ("SDI"), associated with the distributions to Settlement Class Members receiving

6

payments under this Settlement Agreement (collectively, "Payroll Taxes"). The Administrator shall calculate the amount owed for the employer's share of all FICA, UI, SDI, ETT or other Payroll Taxes, which amounts shall be paid by Defendant into the Qualified Settlement Fund in addition to the Gross Settlement Amount. All such Payroll Taxes shall be paid promptly to the appropriate taxing authorities. The Settlement Administrator shall be responsible for fulfilling reporting requirements, including federal, state, and local payroll tax returns, issuing Forms W-2 and other required federal, state and local tax forms, and related requirements. To calculate applicable taxes, the Parties agree that one hundred percent (100%) of the amounts actually paid to the Settlement Class Members (other than Class Representative Service Payments, as defined herein), but before deducting employee taxes, shall constitute wages reportable on Internal Revenue Service Form W-2.

(f)    Residual Funds. Any distribution checks from the Qualified Settlement Fund to Settlement Class Members not deposited or presented for payment within one hundred eighty (180) days of the distribution shall be deemed residual funds (the "Residual Funds") and be distributed within ninety (90) days of their becoming Residual Funds, to anyone omitted from the Settlement Class Member list provided to the Administrator who Class Counsel determines qualifies to be Settlement Class Members, with any remainder funds donated to the United Way of Lancaster County, a non-profit 501(c)(3) charitable organization.

(g)    Service Payment to Class Representatives. The Settlement Motion shall seek Court approval of payments of $12,500 each to Class Representatives Candice Gair and Rachael Berry from the Qualified Settlement Fund, in addition to their pro-rata share, for their service (the "Class Representative Service Payments"). The Administrator shall report the Class

Representative Service Payments on an IRS Form 1099 and issue it, with its taxpayer identification number, to the Class Representative.

      (h)   <u>Class Counsel's Expenses</u>. Class Counsel will seek approval from the Court of reimbursement for Class Counsel's expenses ("Class Counsel's Expenses") from the Gross Settlement Amount. Class Counsel's Expenses will include, but are not limited to, the cost of the Administrator, including the costs of distributing notice of the settlement and the individual payments from the Net Settlement Amount to the Settlement Class Members.

      (i)   <u>Class Counsel's Fees</u>. Class Counsel will seek approval from the Court of attorneys' fees in the amount of one-third (1/3) of the Gross Settlement Amount net of Class Representative Service Payments and Class Counsel's Expenses ("Class Counsel's Fees"). The amount of Class Counsel's Fees and Class Counsel's Expenses approved by the Court shall constitute payment in full for Class Counsel's work and expenses in connection with this matter, and neither Class Counsel, the Class Representatives, nor the Settlement Class Members shall apply to the Court for any payments of additional fees or costs.

    7.   **The Class Notice.**

      (a)   <u>Distribution of Notice</u>. The Administrator shall be responsible for the mailing of a Court approved "Class Notice," which means the notice of the Settlement required to be provided to Settlement Class Member. The Administrator's address will be the return address for the Class Notice so any returned Class Notices will be returned to the Administrator. The Administrator shall mail the Class Notice by first class mail to the Settlement Class Members no later than fifteen (15) days after entry of the Preliminary Settlement Order by the Court. If a Class Settlement Notice is returned as undeliverable, the Administrator shall promptly notify Class Counsel and take prompt and reasonable steps (including use of a skip trace procedure and search

of one or more national database(s)) to obtain an updated or corrected address for the intended Settlement Class Member recipient. Upon receiving an updated or corrected address, the Administrator shall mail the Class Notice to the Settlement Class Member at such updated or corrected address.

(a)    <u>Contents of the Class Notice</u>. The Class Notice shall contain the following information: (i) the Settlement Agreement shall become effective only if it is finally approved by the Court under Rule 23; (ii) every Settlement Class Member has the right to opt-out or object to the Settlement Agreement either in person or through counsel and be heard at the Fairness Hearing; and (iii) all Released Claims (as defined below) of a Settlement Class Member, excepting any claims seeking to enforce this Settlement Agreement, shall be waived and any individual claims of Settlement Class Members against the Defendant related to the WARN Act or any other state or local laws or regulations providing claims for relief similar to those provided by the WARN Act, shall be deemed satisfied, such that no person, including the Settlement Class Member, shall be entitled to any further relief thereon.

8.    **Opt-Outs**. Any person falling within the definition of the Settlement Class may seek to be excluded from the Settlement Class by submitting to Class Counsel a request to opt out, which complies with the requirements listed in the Class Notice and is postmarked no later than the date set forth in the Class Notice, which shall be fifteen (15) days before the Fairness Hearing. If any Settlement Class Member timely and properly elects to opt out of the Settlement Class that person's rights and obligations will not be affected by this Settlement Agreement. Any Settlement Class Member who elects to opt-out shall have no right to object to the Settlement or a share in the Settlement Amount. Defendant reserves all rights and defenses against any Settlement Class Member who effectively opts out of this Settlement

Agreement. A Settlement Class Member may submit a written revocation of a request to opt out prior to the Fairness Hearing and still be eligible to receive payment under this Settlement Agreement. No later than five (5) days before the Fairness Hearing, Class Counsel shall file and serve a statement under oath listing the names of any Settlement Class Members who exercised their right to opt-out of the Settlement class.

9.    **Objections to Settlement**.    A Settlement Class Member may object to this Settlement by sending timely written notice of such objection to Class Counsel and counsel to Defendant at the addresses set forth below and filing such objection with the Court. Any such objections shall state (i) the objector's full name, mailing address, and telephone number, (ii) if applicable, the full name, mailing address, and telephone number of the objector's attorney, and (iii) the basis for objecting to the Settlement Agreement and any supporting papers, materials, or briefs. Any such objections must be postmarked or filed with the Court by the objection deadline established by the Court in its Preliminary Settlement Order and set forth in the Class Notice.

10.    **Release of Claims.**    Except for the rights expressly arising out of, provided for, or reserved in this Settlement Agreement, upon the Effective Date, the Settlement Class Members (except for any who opt-out of the Settlement Agreement), for and on behalf of themselves, and their assigns, heirs, personal representatives and estates (collectively, the "Releasing Parties"), fully and forever release and discharge Defendant and each of its current and former members, subsidiaries and affiliated entities, and each of its officers, directors, shareholders, agents, employees, employee benefit plans,  accountants, attorneys, representatives and other agents, and all of its respective predecessors, successors and assigns (collectively, the "Released Parties"), of and from (a) any claims, demands, debts, liabilities, obligations, liens, actions and causes of action, costs, expenses, attorneys' fees, and damages of whatever kind or nature, at law, in equity and

otherwise, whether known or unknown, anticipated, suspected, or disclosed, that the Releasing Parties may now have or may have had against the Released Parties related to any federal, state, and local law claims, whether statutory, common law, or otherwise, related to or arising from the failure to provide notice of employment termination from September 15, 2020, to December 15, 2020, including but not limited to claims under the WARN Act and its state and local equivalent laws, and (b) any other claims for which Great Star could be held liable related to said termination, provided that the Class Member has not filed a charge or complaint related to such claim as of the date of this agreement (the "Released Claims).

11.    **Dismissal of WARN Action**. A stipulation of dismissal with prejudice of the WARN Action shall be executed by the Parties and filed with a stipulation of dismissal upon Defendant's payment of the Gross Settlement Amount and the Employer's Payroll Taxes to the Qualified Settlement Fund.    Dismissal of the WARN Action shall not abate or limit the effectiveness of this Settlement Agreement and the Final Settlement Order, including the releases set forth herein.

12.    **No Litigation.**  Except as may be necessary to enforce this Settlement Agreement, the Parties agree that they shall not commence or proceed with any action, claim, suit, proceeding, or litigation regarding the Released Claims, or take any action inconsistent with this Settlement.

13.    **No Admission of Liability.**  This Settlement is intended to settle and dispose of the Released Claims.  Nothing herein shall constitute or be construed as an admission by any of the Parties of any facts or liability of any kind.  The Parties agree that they are entering into this Settlement Agreement to avoid further costs of litigation and that Defendant does not admit, and specifically denies, that Defendant has any liability under the WARN Act.

14.    **Representations and Warranties**.  The Parties represent and warrant that upon Court approval of this Settlement Agreement, all will have the legal right and authority to enter into this Settlement Agreement and the transactions and releases contemplated.

15.    **Further Assurances**.  The Parties shall cooperate and shall execute and deliver any supplemental papers, documents, instruments and other assurances and shall do any acts that may be reasonably necessary or appropriate to give full force and effect to the terms and intent of this Settlement Agreement.

16.    **No Third-Party Beneficiaries**.  This Settlement Agreement is for the benefit of only the Parties themselves, immediate relations, executors or attorneys in fact, and not to benefit third parties who purport to have purchased a claim to a distribution under this Settlement Agreement.  Absent an order from the Court, Defendant, Class Counsel, and the Administrator shall be under no obligation to distribute such payments from the Settlement Amount or otherwise except under this Settlement Agreement.

17.    **Miscellaneous**.

(a)    <u>Governing Law/Jurisdiction</u>.  This Settlement Agreement shall be governed by the laws of Pennsylvania without regard to conflict of law principles.  The Court shall have full jurisdiction over this Settlement and any dispute or controversy arising from or related to the interpretation or enforcement of this Settlement.

(b)    <u>Notices</u>.  Any notice or other communication required or permitted to be delivered under this Settlement Agreement (excepting the Class Notice and any distribution checks from the Qualified Settlement Fund to Settlement Class Members, delivery of which shall be governed by the terms above) shall be (i) in writing; (ii) delivered by courier service or by first-class postage prepaid U.S. mail, with a copy sent by e-mail; (iii) deemed to have been received on

the date of delivery; and (iv) addressed as follows (or to such other address as the Party entitled to notice shall hereafter designate by a written notice filed with the Court):

**If to the Defendant, to:**

Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street
Suite 1400
Philadelphia, PA 19102
Attn: Matthew J. Hank, Esq.
MHank@Littler.com

**If to the Settlement Class Members or Class Counsel, to:**

RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Attn:  René S. Roupinian, Esq.
rsr@raisnerroupinian.com

(c)      Severability.  Should any provision(s) of this Settlement Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, then the legality, validity, or enforceability of the remaining parts, terms, or provisions shall not be affected thereby, and said illegal, unenforceable, or invalid part, term, or provision shall be deemed not to be a part of this Settlement Agreement.

(d)      Amendments.  This Settlement Agreement may not be modified, amended or supplemented by the Parties except by a written agreement that the Parties have signed with any required approval of the Court.

(e)      Integration.  This Settlement Agreement contains the entire agreement among the Parties regarding the matters covered by this Settlement Agreement, and no promise or understanding or representation made by any Party, or any respective agent, director, officer, employee or attorney not expressly in this Settlement Agreement shall be binding or valid.

(f)    <u>Headings</u>.  The headings of this Settlement Agreement are for convenience only and are not part of the Settlement and do not define, limit, extend, describe, or amplify the terms, provisions or scope of the Settlement Agreement, and shall not affect its interpretation. Where appropriate, using the singular shall include the plural and the use of the masculine gender shall include the feminine gender too, and vice versa.

(g)    <u>Signatures</u>.  Facsimile or other electronic copies of signatures on this Settlement Agreement are acceptable, and a facsimile or other electronic copy of a signature on this Settlement Agreement shall be deemed to be an original.

(h)    <u>Counterparts</u>.  This Settlement may be executed in one or more counterparts, each of which together or separately shall constitute an original and which, when taken together, shall be considered one and the same binding agreement.

(i)    <u>Cooperation</u>.  The Parties agree to cooperate with one another to effectuate this Settlement Agreement.

(j)    <u>Effect of Waiver of Breach</u>.  The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any prior or subsequent breach of this Settlement Agreement.

(k)    <u>Receipt of Advice of Counsel</u>.  The Parties acknowledge, agree, and specifically warrant to each other that they have read this Settlement Agreement, received legal advice regarding the advisability of entering into this Settlement Agreement and regarding the legal effect of this Settlement Agreement.  The Parties further acknowledge, agree, and specifically warrant they understand the legal effect of this Settlement Agreement.

(l)    <u>Opportunity to Investigate</u>.  The Parties acknowledge, agree, and specifically warrant to each other that they and their counsel have had adequate opportunity to

make whatever investigation and inquiries deemed necessary or desirable in connection with the topic of this Settlement Agreement and the advisability of entering into this Settlement Agreement.

(m)    <u>Good Faith Settlement</u>.  The Parties acknowledge, agree, and specifically warrant to each other that they are entering into this Settlement Agreement freely, without duress, in good faith, and at arms' length.

(n)    <u>Preservation of Privilege</u>.  Nothing in this Settlement Agreement or any order of the Court, and no act required to be performed under this Settlement Agreement or any order of the Court, is intended to constitute, cause, or effect any waiver (in whole or in part) of any attorney-client privilege, work product protection, or common interest/joint defense privilege.

(o)    <u>Non-Admissibility</u>.    The negotiations resulting in this Settlement Agreement have been undertaken by the Parties and their respective counsel in good faith and for settlement purposes only.  No evidence of negotiations or discussions underlying this Settlement Agreement shall be offered or received in evidence for any purpose in any action or proceeding.

IN WITNESS WHEREOF, the Parties have executed and delivered this Settlement as of the date first written above.

GREAT   STAR   TOOLS,   USA,   INC.,
Defendant

By:  _____
     Name:  GARY DU BOFF
     Title:  CEO


RAISNER ROUPINIAN LLP,
on behalf of the Class Representatives and
Settlement Class Members

By:  _____
     Name:  René S. Roupinian, Esq.
     Title:   Class Counsel

16