IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CANDICE GAIR and RACHAEL BERRY, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>    v.<br><br>GREAT STAR TOOLS, USA, INC.,<br><br>      Defendant. | CASE NO. 4:21-CV-00976-MWB |

**ORDER GRANTING FINAL APPROVAL OF
<u>SETTLEMENT AGREEMENT AND RELATED RELIEF</u>**

The relief set forth on the following pages is ORDERED.

Upon the Joint Motion by Plaintiffs Candice Gair and Rachael Berry ("Named Plaintiffs"), along with Defendant Great Star Tools, USA, Inc. ("Defendant" or "Great Star"), pursuant to Rule 23 of the Federal Rules of Civil Procedure, for entry of Order: (i) preliminarily approving the Settlement Agreement, (ii) approving the form and manner of notice to the members of the Class (as described in the Motion and Settlement Agreement), (iii) scheduling a fairness hearing to consider final approval of the settlement, (iv) approving the Settlement Agreement on a final basis at the fairness hearing, (v) approving Class Counsel's fees and expenses and Class Representative Service Awards, and (vi) granting related relief (the "Joint Motion"); and the Court finding that:

  (A) notice of the Joint Motion and the hearing on the Joint Motion was due and adequate under the circumstances;

  (B) no other notice need be given;

(C) any objections to the Motion having been withdrawn, waived or overruled; and the Court having reviewed the terms of the Settlement Agreement; and

(D) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, that the relief sought in the Motion is in the best interest of the Class Representatives and the Class Members and all other parties in interest, and after due deliberations and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Joint Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested in the Joint Motion, if any, that have not been withdrawn, waived, or settled, and all reservation of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

3. The Settlement Agreement is approved on a final basis and in all respects as being fair, reasonable, adequate to the Class Members and other affected employees for the following reasons:

   a. If the Settlement is not approved, the WARN Action will likely be complicated, protracted, and expensive for both Parties.

   b. The Class Representatives support the Settlement, and the terms of the Settlement are favorable to Class Members.

   c. The Settlement was reached after a thorough investigation, litigation, and mediation by the Parties.

   d. The Settlement is well within the range of reasonableness given the uncertainty of Plaintiffs' ability to establish liability and to recover against the Defendant.

   e. The Settlement Agreement was negotiated at arm's length by experienced counsel and in good faith, is fair, equitable, and in the best interests of the Parties.

4. On the Effective Date, the terms of the Settlement Agreement shall become binding upon the Parties.

5. On the Effective Date, subject to and consistent with the terms of the Settlement Agreement, the releases set forth in the Settlement Agreement shall become effective.

6. Class Representative Service Payments are awarded to Plaintiffs Candice Gair and Rachael Berry in the amount of $12,500 each, which shall be paid from the Settlement Amount in accordance with the terms of the Settlement Agreement.

7. Class Counsel is awarded its expenses, including the cost of the settlement administrator, which shall be paid from the Settlement Amount in accordance with the terms of the Settlement Agreement.

8. Class Counsel is awarded its fees of one-third of the Settlement Amount (net of Class Counsel's expenses and the Class Representative Service Payments) which shall be paid from the Settlement Amount in accordance with the terms of the Settlement Agreement.

9. The entry of this Order is without prejudice to the relief granted in the Preliminary Order and entry of this Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon entry. The Clerk of Court is directed to close this case.

11. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of the Settlement Agreement and this Order.

Dated: October 9, 2024

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge